IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CLIFTON L. CRUMBLISS,<br>TDCJ-CID No. 606721,<br><br>   Plaintiffs,<br><br>v.<br><br>MICHAEL C. DARDEN, et al.,<br><br>   Defendants. | §<br>§<br>§<br>§<br>§<br>§   CIVIL ACTION NO. H-09-03706<br>§<br>§<br>§<br>§ |

### **MEMORANDUM OPINION AND ORDER**

This prisoner civil rights suit contains allegations that defendants, most of whom are officials of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), violated the plaintiff's rights under the Eighth Amendment by injuring him while he was being transported by a TDCJ-CID van. The plaintiff alleges that the defendants were deliberately indifferent to his serious medical needs when they failed to secure his wheelchair knowing that their omission subjected him to an unnecessary risk of injury.

The court ordered service on the defendants through the Texas Attorney General's Office (AG). Two of the defendants have filed a response and entered an appearance represented by the AG. The AG has filed an advisory regarding one of the defendants, who is not employed by TDCJ-CID at this time, and the AG has also submitted a motion to seal. The plaintiff has filed a motion for summary

judgment. The court has previously granted the Attorney General's motion, and the court will **DENY** the plaintiff's motion.

## I. Defendants Who Have Not Responded

In response to the court's order to respond to the plaintiff's prisoner civil rights complaint, the AG has entered an appearance, filed an answer for Sarfo Bonsu and Katherine Gonzales, and submitted an advisory indicating that one of the named defendants, Michael C. Darden, is no longer employed by TDCJ-CID. However, the AG made no mention with regard to two other named defendants: Warden K. Negbenebor and Regional Director Steve Massie. See Docket Entry No. 1 at page 2. Because Negbenebor and Massie are listed on a separate page from the other defendants, it is likely that this omission is due to an oversight and that they, unlike Darden, are still employed by TDCJ-CID. Therefore, the AG will be ordered to file a response or an advisory in their behalf.

The AG moved to seal the address and requested that the information not be revealed to the inmate-plaintiff. The court has granted the AG's Motion to Seal. (Docket Entry Nos. 22, 24). See TEX. CIV. PRAC. & REM. CODE 30.010; TEX. GOVT. CODE ANN. § 552.117.

In a separate order, the Court shall direct the Clerk to issue summons and the U.S. Marshal to serve personally upon Darden a copy of the Complaint (Docket Entry No. 1), the court's Order for More Definite Statement (Docket Entry No. 6), the plaintiff's Brief

(Docket Entry No. 11), the plaintiff's More Definite Statement (Docket Entry No. 13), and this Order.  The Court also shall order the Clerk to seal the order for service of process.

Defendant Darden shall be permitted thirty (30) days from the date of service of process in which to answer the plaintiff's complaint.  Darden shall file any dispositive motions, including a motion for summary judgment under FED. R. CIV. P. 56, within sixty (60) days of the date from the date on which his answer to the plaintiff's complaint is due.  The plaintiff shall respond to any dispositive motion filed by the defendant within thirty (30) days of the date on which the defendants mail the plaintiff's copy of the motion, as shown on the defendants' certificate of service.  **The plaintiff's failure to respond to the defendants' motion within the time limit may result in the dismissal of this action.**

## II. Plaintiff's Motion

Crumbliss has filed a second motion for summary judgment. (Docket Entry No. 25) in which he asserts that the defendants have denied his requests for evidence regarding his allegations of deliberate indifference.  In support of his motion, Crumbliss has submitted one outpatient record from the TDCJ-CID Hospital, which refers to his injury.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with

the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Crumbliss has the burden of proving that he is entitled to summary judgment. Littlefield v. Forney Independent School Dist., 268 F.3d 275, 282 (5th Cir. 2001). If he does not meet this burden, the motion for summary judgment must be denied. Id. The paucity of evidence in support of Crumbliss's motion calls for its denial. Id. Moreover, Crumbliss has failed to serve all of the defendants with a copy of his motion. See Fed. R. Civ. P. 5(a); LR5.5. Therefore, the motion (Docket Entry No. 25) shall be denied.

### III. Conclusion

The court **ORDERS** the following:

1. The Clerk shall **SEAL** all Orders, Pleadings, and Exhibits containing Defendant Michael C. Darden's addresses and other personal information.

2. In a separate Sealed Order the Clerk shall be instructed to **ISSUE** summons and the U.S. Marshal shall **SERVE** upon Michael Darden a copy of the pleadings, and Darden shall be ordered to file a response and given instructions on contacting the Texas Attorney General's Office.

3. <u>The Attorney General shall file a response for TDCJ-CID officials K. Negbenebor and Steve Massie within 30 days of the date of this Memorandum Opinion and Order. In the alternative, the Attorney General shall file an Advisory within 30 days if Negbenebor and Massie are no longer employed by TDCJ-CID or cannot be represented by the Attorney General</u>.

4.  The parties shall **FILE** pleadings in compliance with the terms of this Order.

5.  The plaintiffs' Motion for Summary Judgment (Docket Entry No. 25) is **DENIED**.

**SIGNED** at Houston, Texas on this _17th_ day of November, 2010.

SIM LAKE
UNITED STATES DISTRICT JUDGE